# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

ALEXANDER BERGER,

      Petitioner,

v.                              Case No. 1:26-cv-27-MW/MJF

SECRETARY OF FLORIDA
DEPARTMENT OF FAMILIES AND
CHILDREN SERVICES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Because Petitioner failed to comply with two court orders, failed to pay the filing fee, and failed to prosecute this civil action, the District Court should dismiss this action without prejudice.

### BACKGROUND

On February 18, 2026, the undersigned ordered Petitioner pay the $5.00 filing fee or file an application for leave to proceed *in forma pauperis*. Doc. 5. The undersigned imposed a compliance deadline of March 19, 2026, and warned Petitioner that the failure to comply with the order likely would result in dismissal of this action. Petitioner did not comply with that order.

On April 6, 2026, the undersigned ordered Petitioner to show cause for his failure to comply with the undersigned's order of February 18, 2026. Doc. 6. The undersigned imposed a compliance deadline of April 20, 2026, and again warned Petitioner that the failure to comply with the order likely would result in dismissal of this action. Petitioner has not complied with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002). Petitioner has failed to pay the $5.00 filing fee or file a completed application for leave to proceed in forma pauperis. Petitioner has offered no excuse for his failure and,

consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Petitioner failed to comply with court orders, failed to pay the filing fee, and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this action without prejudice.

2.  **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this <u>8th</u> day of May 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**